IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 03-2118 RB |
| ANGEL GUZMAN-MARTINEZ, | ) |
| Defendant. | ) |

FILED

04 MAR 10 PM 4:53

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for New Trial (Doc. No. 44) filed on January 30, 2004. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion is not well-taken and should be denied.

### I. Background

Defendant Angel Guzman-Martinez (hereinafter "Mr. Guzman") was indicted for two counts of Bringing in an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and two counts of Transporting an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & 8 U.S.C. § 1324(a)(1)(B)(i), and for Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II). (Doc. No. 21) On January 28, 2004, the jury returned a guilty verdict on all four counts. (Doc. No. 43). Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, Mr. Guzman moves the Court to grant him a new trial on the grounds that the guilty verdict was against the weight of the evidence.

### II. Discussion

#### A. Motion for New Trial

The court may grant a new trial if the interests of justice will be served. FED. R. CRIM P. 33. Although a district court is afforded discretion in ruling on such a motion and is free to



weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution. *United States v. Quintanilla*, 193 F. 3d 1139, 1146 (10th Cir. 1999). "The power to grant a new trial on the ground that the verdict is against the weight of the evidence should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Mounkes*, 204 F. 3d 1024, 1027 (10th Cir. 2000). A sufficiency of the evidence claim is construed in the light most favorable to the government. *United States v. Jones*, 49 F.3d 628, 632 (10th Cir. 1995). The Court must ascertain whether "any reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* While the evidence supporting a conviction must be substantial and do more than raise a mere suspicion of guilt, it need not exclude every other reasonable hypothesis and negate all possibilities of guilt. *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994). "Rather than examining the evidence in 'bits and pieces,' a court evaluates the sufficiency of the evidence 'by considering the collective inferences to be drawn from the evidence as a whole.'" *United States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997) (quoting *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986)).

Title 8, United States Code, Section 1324(a)(1)(A)(i), makes it a crime for anyone knowingly to bring an alien into the United States at a place other than a designated port of entry. At trial, the Government was required to prove: (1) that Mr. Guzman brought an alien into the United States at a place other than a designated port of entry; (2) that Mr. Guzman intended to commit a criminal act; (3) that Mr. Guzman knew the person was an alien; and (4) that the offense was done for commercial advantage or private financial gain. *See* Court's Jury Instructions, No. 12.

Title 8, United States Code, Section 1324(a)(1)(A)(ii), makes it a crime for anyone to transport an alien within the United States, knowing or in reckless disregard of the fact that the alien

is here illegally, and in furtherance of the alien's violation of the law. At trial, the Government was required to prove: (1) that an alien had entered or remained in the United States in violation of the law; (2) that Mr. Guzman transported the alien within the United States with intent to further the alien's unlawful presence; and (3) that Mr. Guzman knew or recklessly disregarded the fact that the alien was in the United States in violation of the law. *Id.*, No. 15.

With regard to Aiding and Abetting, at trial, the Government was required to prove: (1) the offense of transporting or bringing in aliens was committed by some person; (2) Mr. Guzman associated with the criminal venture; (3) Mr. Guzman purposefully participated in the criminal venture; and (4) Mr. Guzman sought by action to make that venture successful. *Id.*, No. 16.

Construing the evidence in the light most favorable to the government, the Court finds the Government presented sufficient evidence to allow the jury to conclude that Mr. Guzman brought an alien into the United States for profit, transported an alien with the intent to further the alien's unlawful presence, and aided and abetted the criminal venture. At trial, Border Patrol Agent Jason C. Kelley explained how Mr. Guzman was initially apprehended. Agent Kelley testified that, on July 20, 2003, at approximately 6:15 a.m., he observed an extended cab pickup truck, with only two visible passengers, traveling very low to the ground, pass his work station. Agent Kelley testified that, after he performed an immigration inspection, several illegal aliens were found hiding in the bed and extended cab portions of the pickup truck.

Agent Kelley testified that after he identified himself as a Border Patrol Agent, the driver responded he was a Mexican citizen in the United States illegally. After questioning the rest of the passengers and determining they too were in the United States illegally, Agent Kelley detained all of the occupants. Agent Kelley identified the driver as co-defendant, Jorge Antonio Valdez-Vega, and the passenger as Mr. Guzman. The evidence showed that twelve of the fifteen

occupants were citizens and nationals of Guatemala and the remaining three were citizens and nationals of Mexico.

Furthermore, the jury could have found the testimony of the Government's two material witnesses, Luis Antonio Monzon-Calderon and Roberto Chilel-Gomez, persuasive. At trial, Roberto Chilel-Gomez (hereinafter "Mr. Chilel") testified that he met Mr. Guzman in Janos, Mexico and entered into negotiations with him to be taken to the United States. Mr. Chilel testified that Mr. Guzman was to receive $1,200 for the trip. Mr. Chilel also claimed Mr. Guzman guided him and others through the desert and to the extended cab pickup truck.

Also testifying at trial, Luis Antonio Monzon-Calderon (hereinafter "Mr. Monzon") claimed he met Mr. Guzman at Janos, Mexico and negotiated an arrangement to be taken to the United States for approximately $800- $1,000. Mr. Monzon testified he too was led by Mr. Guzman through the desert to the extended cab pickup truck. The jury heard Mr. Chilel and Mr. Monzon identify Mr. Guzman as the person they had arranged to pay to enter the United States illegally.

Mr. Guzman argues that Mr. Chilel and Mr. Monzon were not credible witnesses. Mr. Guzman claims their testimony was "incredible and contrary to common sense." Def.'s Mot. For New Trial 2 ¶ 1. Mr. Guzman does not reference any incident at trial to either elaborate on, or substantiate, his allegations. Moreover, both witnesses were subjected to a thorough and probing cross examination. Despite being cross-examined, both witnesses maintained Mr. Guzman guided them through the desert and into the United States for payment. It is entirely within the province of the jury to judge the credibility of witnesses. *See United States v. Johnston*, 146 F.3d 785, 792 (10th Cir. 1998). Here, the jury weighed the credibility of the witnesses and had discretion whether or not to accept their testimony. It appears the jury accepted the testimony of the Government's two material witnesses.

The jury also heard testimony from Special Agent Daniel W. Carroll of the Anti-Smuggling Unit of the United States Immigration and Naturalization Service. Agent Carroll informed the jury of the methods of operation of persons involved in alien smuggling. Agent Carroll described to the jury how aliens made arrangements for transportation and payments. The jury could have concluded that the evidence presented by the Government relating to Mr. Guzman was consistent with the methods of operation of persons involved in alien smuggling as described by Agent Carroll.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for New Trial (Doc. No. 44), filed on January 30, 2004, is hereby **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**